# United States Court of Appeals
# for the Fifth Circuit

No. 20-40269

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2022

Lyle W. Cayce
Clerk

Teressa R. Calhoun,

*Plaintiff—Appellant*,

*versus*

Stearns Lending, L.L.C.; Loan Care, L.L.C., also known as LoanCare, L.L.C.; Pulte Mortgage; Pulte Group, Incorporated, also known as PulteGroup, Incorporated; Centex Homes; Pulte Mortgage L.L.C.; Pulte Homes of Texas, L.P.; Pulte Homes; PGP Title, Incorporated (PGP); Pulte; Centex; William J. Pulte; William J. Pulte Trust,

*Defendants—Appellees*,

---

Teressa R. Calhoun,

*Plaintiff—Appellant*,

*versus*

Stearns Lending, L.L.C.; Loancare, L.L.C., also known as Loan Care, L.L.C.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CV-55
USDC No. 4:19-CV-88

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges.*

PER CURIAM:*

Teressa R. Calhoun appeals the district court's dismissal of her claims pursuant to Rule 12(b)(6). She argues that the district court incorrectly granted Defendants' motions to dismiss and abused its discretion when it denied her request for leave to amend. We AFFIRM the judgment of the district court.

This case arises out of a mortgage agreement for Calhoun's home. Calhoun alleged that Defendants illegally acquired her home through foreclosure. She asserted a number of claims for predatory lending, fraud, bad faith, dual tracking, negligence, Title VII, and unfair and deceptive practices. The district court denied each of her claims because they were not recognized under Texas law, time-barred, or not properly pleaded. Calhoun's arguments are somewhat difficult to decipher, but to the extent that she argues that her claims should be recognized, that the district court should have allowed her to bring them despite the expiration of the relevant statutes of limitations, or that she adequately met the relevant pleading standards, we disagree. The district court properly granted Defendants' motions to dismiss.

In lieu of dismissal, Calhoun also asked the district court to grant her leave to amend. The district court denied this request because Calhoun had already been given four opportunities to plead, the deadline for seeking leave

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 20-40269

to amend had long since passed, and the district court determined that further opportunity to amend would be futile and needlessly increase costs. The district court did not abuse its discretion. *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).

For these reasons, the order of the district court is AFFIRMED.